**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven J. Colucci and Alison M. Fry, <br><br> Plaintiffs, <br><br> vs. <br><br> Suntrust Mortgage, Inc., a California corporation; et al., <br><br> Defendants. | No. CV10-2066-PHX-DGC <br><br> **ORDER** |

On August 18, 2010, Plaintiffs filed an action in the Arizona Superior Court for Maricopa County against SunTrust Mortgage, Inc. ("SunTrust") alleging violations of federal and Arizona laws. Doc. 1-1. Although SunTrust was not served with process (Doc. 1 at 2:7), it removed the action to this Court on September 27, 2010 on the basis of federal-question and diversity jurisdiction (*id.* at 2:20, 3:5). SunTrust subsequently filed an answer (Doc. 7), the Court held a case management conference (Doc. 11), and Plaintiffs filed an amended complaint on February 1, 2011 (Doc. 13).

On July 20, 2011, the Court entered an order dismissing the case without prejudice as to Defendants SunTrust and Mortgage Electronic Registration Systems, Inc. ("MERS") on joint stipulation by the parties. Doc. 45. The joint stipulation states that Plaintiffs dismiss without prejudice "all claims against Defendants SunTrust Mortgage, Inc. and Mortgage Electronic Registration Systems." Doc. 44 at 1:24-26. Some of the claims pled in the amended complaint against SunTrust or MERS also name as parties

one or more of the following: Branch Banking & Trust ("BBT"), TSA Title Agency ("TSA"), and MAX Default Services Corp. ("MAX").  Doc. 13.  Plaintiffs have now confirmed that their dismissal of MERS and SunTrust leaves intact the claims against BBT, TSA, and MAX.  Doc. 47.

A motion to dismiss under Rule 12(b)(6) has been filed by BBT (Doc. 28), and the motion is joined by TSA and MAX (Docs. 32, 38).  BBT argues in part that Plaintiffs' claims are barred by Arizona statute A.R.S. § 33-811(C).  Doc. 28 at 4.  Plaintiffs oppose (Doc. 33), and BBT filed a reply (Doc. 39).  The parties do not request oral argument.

The amended complaint alleges only claims under Arizona law (Doc. 13), thereby eliminating federal-question jurisdiction.  The amended complaint also pleads claims against TSA, which is alleged to be an Arizona corporation (*id.* at ¶ 5) – an allegation TSA admits in its answer (Doc. 30 at 2:5).  The lack of complete diversity eliminates this Court's diversity jurisdiction.  28 U.S.C. § 1332.

With federal-question and diversity jurisdiction no longer available, the Court concludes this case should be remanded to state court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).  Resolution of the remaining state-law claims will require application of Arizona law.  Because Arizona state courts have a greater interest and expertise in resolving state-law issues, remanding this case will further principles of comity.  Additionally, remand will benefit the federal system by allowing this Court to devote its scarce resources to resolving federal issues.

Because the Court is remanding this case to state court, it will leave the pending motion to dismiss to be decided by the state court.

1 | **IT IS ORDERED** that this case is remanded to Maricopa County Superior Court.
2 | Dated this 10th day of August, 2011.

_____
David G. Campbell
United States District Judge